# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHN THOMAS, et al.,

      Plaintiffs,

v.

DEUTSCHE BANK
NATIONAL TRUST CO., et al.,

      Defendants.

Case No. 2:11-cv-866
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of the following filings:

(1) a motion to dismiss (ECF No. 26) filed by Defendants LPS Mortgage Processing Solutions, Inc.[1] and Christina Schwarting, a memorandum in opposition (ECF No. 33) filed by Plaintiffs John and Susan Thomas, and a reply memorandum (ECF No. 38) filed by LPS Mortgage Processing Solutions, Inc. and Schwarting; and

(2) a motion to dismiss (ECF No. 31) filed by Defendants Deutsche Bank National Trust Company, JPMorgan Chase & Co., and Ann Garbis, a memorandum in opposition (ECF No. 35) filed by Plaintiffs John and Susan Thomas, and a reply memorandum (ECF No. 37) filed by Deutsche Bank National Trust Company, JPMorgan Chase & Co., and Garbis.

For the reasons that follow, this Court finds both motions well taken.

---

[1] LPS Mortgage Processing Solutions, Inc. states in its briefing that an affiliate, LPS Default Solutions, should be the proper party in this litigation and asks the Court to substitute that party. Plaintiffs do not comment on this request in their memorandum in opposition. The Court declines to permit the substitution without the benefit of hearing from Plaintiffs or from LPS Mortgage Processing Solutions, Inc. as to whether it has consulted Plaintiffs regarding the proposed substitution.

## I. Background

On March 10, 2005, Plaintiffs, John and Susan Thomas, executed a promissory note and mortgage related to residential real estate located in Franklin County, Ohio. Thereafter, on May 1, 2008, Defendant Deutsche Bank National Trust Company ("Deutsche Bank") filed a foreclosure action in the Franklin County Court of Common Pleas, asserting that Plaintiffs were in default on the note and mortgage. Attached to the state court complaint was an Assignment of Mortgage that purported to assign Plaintiffs' mortgage from Washington Mutual Bank to Deutsche Bank. This assignment was executed by Defendant Christina Allen (according to the briefing, now known as Christina Schwarting). She attested that she was the "AVP" of "Washington Mutual Bank siit Long Beach Mortgage Company," which Plaintiffs dispute in their amended complaint. (ECF No. 25-1, at 3.) That pleading also asserts that "Allen executed the alleged Assignment some five days after Deutsche Bank filed the complaint in the Foreclosure Action," but this statement contradicts the earlier allegation that the May 6, 2008 assignment was attached to the complaint, which was filed on May 1, 2008. (ECF No. 25 ¶ 11.) The assignment attached to the federal complaint is dated May 6, 2008, which suggests that if it had indeed been filed with the state complaint, it had been executed with an incorrect date.

In any event, Deutsche Bank subsequently filed a motion for summary judgment in the state court action. Attached to that motion was an affidavit executed by Defendant Ann Garbis, which indicated that Garbis was the "Vice President of Washington Mutual Bank, as successor-in-interest to Long Beach Mortgage Company, it's [*sic*] attorney-in-fact Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL1." (ECF No. 25-2 ¶ 1.) Garbis asserted that she had access to Plaintiffs' account and that Plaintiffs were in default

on the note and mortgage. Plaintiffs assert, however, that Garbis did not hold the position she stated she held and that she knew absolutely nothing about the account.

Plaintiffs also assert that while Defendant JPMorgan Chase & Co. ("Chase") serviced Plaintiffs' mortgage loan for years it charged them improper fees. Additionally, Plaintiffs claim that Chase improperly applied Plaintiffs' payments, if it applied them at all.

In September 2011, Plaintiffs filed this federal case. They assert in an amended complaint nine claims, arguing that Deutsche Bank never held or owned the note and mortgage and had improperly brought the state foreclosure action. (ECF No. 25.) Defendants have filed motions to dismiss all of the claims asserted. (ECF Nos. 26, 31.) The parties have completed briefing on the motions, which are ripe for disposition.

## II. Discussion

### A. Standard Involved

Defendants move for dismissal on the grounds that Plaintiffs have failed to set forth claims upon which this Court can grant relief. This Federal Rule of Civil Procedure 12(b)(6) argument requires the Court to construe the amended complaint in favor of Plaintiffs, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently,

3

"[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Analysis**

In Count I, Plaintiffs assert a claim to quiet title under Ohio Revised Code § 5303.01 against Deutsche Bank. They reason that because Deutsche Bank separated the note and mortgage, the note became unenforceable and the assignments of the mortgage to and from Deutsche Bank are on improper cloud on their title. They seek a judgment establishing them as fee simple owners and that Deutsche Bank cannot claim any right or title to the property. Deutsche Bank argues that Plaintiffs lack standing to assert this claim because they cannot challenge the assignment they target.

This Court agrees. In *Bridge v. Aames Capital Corp.*, No. 1:09 CV 2947, 2010 WL 3834059 (N.D. Ohio Sept. 29, 2010), a judicial officer in a sister district addressed a similar challenge by homeowners to the assignment of their mortgage note. Those plaintiffs had asserted a declaratory judgment claim involving the assignment and a quiet title claim, seeking

4

to have the mortgage and the assignment of the mortgage declared void and unenforceable. The judge dismissed both claims under Rule 12(b)(6), explaining that "[c]ourts have routinely found that a debtor may not challenge an assignment between an assignor and assignee." *Id.* at *3. Plaintiffs similarly lack standing to assert Count I here.

Plaintiffs then bring a purported claim for injunctive relief against Deutsche Bank in Count II of the amended complaint. Without explanation, they assert that they seek an injunction against Deutsche Bank initiating a second foreclosure action. Deutsche Bank seeks dismissal of Count II on the grounds that because it is not a separate and distinct claim, but rather a prayer for relief, the Court cannot grant relief on Count II.. Plaintiffs do not respond to this argument in their memorandum in opposition.

There is a dearth of detail regarding the state proceedings in the amended complaint, but the request to stop a second foreclosure action indicates that the first foreclosure action did not prove dispositive. Although the amended complaint asserts that the state court entered a judgment against Plaintiffs, it is unclear exactly why what transpired next occurred. The amended complaint itself does not proceed to indicate whether a sheriff's sale occurred and what the current status of the parties and the property at issue are. Briefing filed in this case indicates that a sheriff's sale was set for January 28, 2010, and that the state court judgment was vacated on January 12, 2011. Neither of these factual allegations are set forth in the pleading; they are statements made in briefing. Supporting part of these contentions is an agreed entry from the state court record in which the state court vacated the October 29, 2008 judgment and dismissed the case. (ECF No. 26-1.) Plaintiffs suggest that this Court can take judicial notice of the scheduled sheriff's sale, but there is nothing before this Court other than Plaintiffs' assertion to

5

suggest that there was a scheduled sale on the particular date asserted. Additionally, the circumstances behind the vacation of judgment are especially not clear to this Court. Despite the lack of clarity, what is clear is that Deutsche Bank is correct that Count II does not present an actual claim for relief. Accordingly, Deutsche Bank is entitled to the dismissal of Count II.

In Count III, Plaintiffs assert a claim against Deutsche Bank, Chase, and LPS for violation of the Ohio Consumer Sales Practices Act, Ohio Revised Code § 1345.01 *et seq.* ("OCSPA"). Deutsche Bank and Chase argue that dismissal of this claim is warranted because an OCSPA claim "may not be brought more than two years after the occurrence of the violation which is the subject of the suit." Ohio Rev. Code § 1345.10(C). Plaintiff assert that the statute of limitations does not bar their claim because application of a continuing violation theory means that the limitations period should run from either the January 28, 2010 sheriff's sale date or the January 12, 2011 vacation of the state court judgment.

The Court rejects application of the continuing violation theory here based on the rationale of *Bucy v. Aurora Loan Services, LLC*, No. 2:10-cv-1050, 2011 WL 1044045 (S.D. Ohio Mar. 18, 2011). *See also McNerney v. Mortg. Elec. Registration Sys., Inc.*, No. 09-cv-2625, 2010 WL 3222044, at *7 (N.D. Ohio Aug. 13, 2010). In *Bucy*, another judicial officer in this District addressed whether the continuing violation theory could salvage an OCSPA claim that was predicated on an allegedly fraudulent affidavit when the plaintiff asserted the claim after the two-year statute of limitations. That plaintiff sought to avoid the statute of limitations by directing attention away from the date on which the allegedly fraudulent affidavit was executed and filed in the foreclosure action and by focusing on the following additional factual allegations:

6

> 17. Defendant Aurora has engaged in a pattern and practice of unfair, deceptive, and unconscionable acts in violation of R.C. §§ 1345.02, 1345.03, and/or 1345.031 by authorizing and directing the filing of the affidavit in Exhibit "A" that was false and by proceeding to pursue a foreclosure action against Plaintiff in spite of the false affidavit.

*Bucy*, 2011 WL 1044045, at *3. Plaintiffs' amended complaint here essentially echoes the same contentions as in *Bucy*:

> 38. Defendants have engaged in a pattern and practice of unfair, deceptive, and unconscionable acts in violation of §§ 1345.02, 1345.03, and/or 1345.031 by, among other things, proceeding to pursue a foreclosure action against Plaintiffs and intentionally submitting in accurate information to the court in the Foreclosure Action.

(ECF No. 25 ¶ 38.) These allegations do not evade the statute of limitations.

The *Bucy* judge rejected the proposition that the post-affidavit proceedings in the foreclosure case presented a continuing violation, explaining:

> In her response to Defendants' motion to dismiss, Plaintiff argues that Paragraph 17 of the Complaint sets forth the factual allegation that Defendants committed an ongoing violation of R.C. § 1345 by "proceeding to pursue a foreclosure action against Plaintiff in spite of the false affidavit." (Pl.'s Resp., page 10.) Under a continuing violation theory, "the statute of limitations does not begin to run on a continuing wrong until the wrong has been concluded." *Ruth v. Unifund CCR Partners*, No. 5:08CV2690, 2009 WL 585847, *11 (N.D. Ohio March 6, 2009), aff'd on certain grounds, *Ruth v. Unifund CCR Partners*, 604 F.3d 908 (6th Cir. 2010). Plaintiff asserts that Defendants continued to violate the CSPA, but the only fact alleged in support of that contention is that the foreclosure action itself continued to proceed. Plaintiff must know the relevant dates of the subsequent foreclosure proceedings, such as a sheriff's sale, but she has not supplied them, even in the face of Defendants' motion which highlights the statute of limitations as a basis for dismissal. . . .
> . . .
> Nowhere in Paragraph 17 is a statement of fact regarding any dates of the foreclosure action that refutes Defendants' assertion that Plaintiff's CSPA claim is untimely. Although the Civ.R. 12(b)(6) standard requires this Court to make inferences in favor of Plaintiff, this Court cannot infer from the vague statement "proceeding to pursue a foreclosure action against Plaintiff" to mean that violations of CSPA occurred within two years of the filing of the Complaint. Plaintiff has been given fair notice of the omission of a critical allegation, but she fails to identify any

dates beyond the signing of the Affidavit, its filing, and the judgment of the Common Pleas Court. "The court should not assume facts that could and should have been pled, but were not." [*Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 522 (6th Cir. 2008).]

*Id.* at *3-4. Similarly, Plaintiffs here have failed to plead any dates following the filing of the last allegedly fraudulent affidavit on June 20, 2008.

Although Plaintiffs state that other events occurred on later dates in their briefing, the requested reliance on these dates generally asks this Court to take judicial notice based on briefing of facts that were not pled. A proper Rule 12(b)(6) analysis does not turn on unpled facts set forth in briefing. The Court does recognize the state court's January 12, 2011 agreed order that vacated its earlier judgment, but that order does not save Plaintiffs' claim. This Court also rejects application of the continuing violation theory here on the grounds that the claim relates directly to the fraudulent affidavits themselves and presents no additional allegations of an additional OCSPA violation. *See id.* at *4.

It does not matter whether the last incident of asserted impropriety that Plaintiffs target occurred on June 20, 2008, with the filing of the Garbis affidavit, or even whether the October 29, 2008 state court judgment of foreclosure provides the relevant date for limitations purposes. Plaintiffs did not file the instant action until September 2011, well after their two years had expired. Consequently, the dismissal of Count III against Deutsche Bank and Chase is warranted. Having reached this conclusion based on the statute of limitations, this Court need not and does not address the alternative grounds for dismissal of Count III advanced in the briefing of Deutsche Bank and Chase.

Curiously, LPS does not assert this statute of limitations argument in its initial motion and memorandum in support. Instead, LPS belatedly attempts to adopt via its reply

memorandum the statute of limitations briefing made by Deutsche Bank and Chase. LPS argues that the Court should ignore its tardiness because Plaintiffs had the opportunity to respond to this defense in their briefing on the motion to dismiss filed by Deutsche Bank and Chase. Disregarding this odd attempt by LPS at arguing by the untimely adoption of arguments that it *could have* made, the Court nonetheless concludes that LPS is entitled to dismissal based on an argument it *actually* made in its motion.

LPS posits that dismissal is warranted because Plaintiffs have failed to allege any facts that, necessarily accepted as true under the present Rule 12(b)(6) analysis, place LPS within the category of entities falling with the scope of the OCSPA. This Court agrees. *See* Ohio Rev. Code § 1345.01(A); *cf. BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, No. 2:11-cv-274, 2012 WL 1203488, at *2 (S.D. Ohio Apr. 10, 2012). The amended complaint barely mentions LPS at all, essentially asserting only that "Allen was an employee of LPS and/or Chase" but that "Chase controlled the methods and means of Allen's work." (ECF No. 25 ¶ 4.) This is hardly a sufficient factual allegation that enables this Court to draw an inference that LPS was ultimately responsible for any act complained of, much less that LPS fits within the statutory categories of entities that the OCSPA regulates. The dismissal of Count III against LPS is also warranted.

Plaintiffs assert in Count IV a claim against Deutsche Bank and Chase for breach of good faith and fair dealing. Deutsche Bank and Chase argue that dismissal of this claim is warranted because such a claim cannot stand alone without a breach of contract claim, which Plaintiffs do not assert. Plaintiffs do not respond to this argument in their memorandum in opposition.

As another judge in this District has correctly noted, "[i]t is well established under Ohio

9

law that . . . 'an allegation of a breach of the implied contract of good faith cannot stand alone as a separate cause of action from a breach of contract claim.' " *JP Morgan Chase Bank, N.A. v. Horvath*, 2012 WL 995397, at *5 (S.D. Ohio Mar. 23, 2012) (quoting *Krukrubo v. Fifth Third Bank*, No. 07AP-270, 2007 Ohio App. LEXIS 6140, at *12, 2007 WL 4532689 (Ohio Ct. App. Dec. 27, 2007))). *See also Walter v. Wells Fargo Bank, NA*, No. 2:11-cv-912, 2012 WL 641949, at *4 (S.D. Ohio Feb. 28, 2012); *McCubbins v. BAC Home Loans Servicing, L.P.*, No. 2:11-cv-547, 2012 WL 140218, at *5 (S.D. Ohio Jan. 18, 2012); *King v. CitiMortgage, Inc.*, No. 2:10-cv-01044, 2011 WL 2970915, at *9-10 (S.D. Ohio July 20, 2011). The Court therefore concludes that dismissal of Count IV is appropriate.

In Count V, Plaintiffs assert a negligent supervision claim against Deutsche Bank, Chase, and LPS. Deutsche Bank and Chase argue that dismissal is warranted because this claim arises from asserted fraud, a claim which they contend fails, and because even if there were fraud, Plaintiffs seek only economic loss damages and have failed to assert a requisite physical injury.

Plaintiffs do not respond to the economic loss argument in their briefing. But under Ohio law, a plaintiff must allege more than merely economic loss to sustain a claim for negligent supervision. *Ferro Corp. v. Blaw Knox Food & Chem. Equip. Co.*, 121 Ohio App.3d 434, 440, 700 N.E.2d 94, 98 (Ohio Ct. App. 1997); *Abdulnour v. Campbell Soup Supply Co., L.L.C.*, 464 F. Supp. 2d 711, 718 (N.D. Ohio 2006). Accordingly, dismissal of Count V against Deutsche Bank and Chase is warranted.

Dismissal of Count V against LPS is also appropriate. LPS argues that because Plaintiffs cannot maintain a fraud claim against any of the individuals employees in this action, the contingent negligent supervision claim necessarily fails. This Court agrees. Another judicial

10

officer in this District has explained that "[i]n Ohio, the tort of negligent supervision against an employer requires 'that the employee is individually liable for a tort or guilty of a claimed wrong against' the plaintiff." *Hammond v. Citibank, N.A.*, No. 2:10-CV-1071, 2011 WL 4484416, at *11 (S.D. Ohio Sept. 27, 2011) (quoting *Strock v. Pressnel*, 38 Ohio St.3d 207, 217, 527 N.E.2d 1235, 1244 (1988)). As discussed below, Plaintiffs' underlying fraud claims, including the claim specifically targeting the conduct of Allen (Schwarting), fail. Consequently, this Court must also dismiss the negligent supervision claim against LPS.

Similar to their approach to Count II, Plaintiffs do not address in their briefing Deutsche Bank's argument for the dismissal of Count VI. This latter count is a declaratory judgment claim against only the bank. Deutsche Banks argues that the count fails to allege all of the elements required for a declaratory judgment under Ohio law. Given the Spartan nature of the amended complaint in this regard and because Plaintiffs have failed to respond to the argument for dismissal of Count VI, there is nothing before this Court that suggests that Deutsche Bank is incorrectly characterizing Count VI as a state law claim.

There is no real controversy here given that Plaintiffs lack standing to challenge the assignment involved in the prior foreclosure case and to assert the quiet title claim they have brought. *See Bridge*, 2010 WL 3834059, at *5. The Court also notes that Plaintiffs seek a declaration of rights grounded only on past and potentially inapplicable events as opposed to a declaration of existing rights tied to present circumstances. Although the former might conceivably inform the latter in some circumstances, Plaintiffs are in effect asking this Court to decide present and future rights based *only* on facts that apparently led to a vacated judgment. The amended complaint asks the Court to determine whether Deutsche Bank "was" the holder

11

and owner of the note and mortgage and whether it "was" entitled to foreclose on the property as it did, in addition to declaring whether the note and mortgage "were" valid and enforceable and whether the affidavit and assignment "were" valid legal instruments. (ECF No. 25 ¶ 52.) These answers are unlikely to settle the controversy that could arise in a second foreclosure action based on fuller or different facts, which suggests both that Plaintiffs are seeking a premature or incomplete decision to use as a future shield and that they cannot meet the requirements for this Court to exercise its discretion and issue a declaratory judgment given the five Declaratory Judgment Act considerations. *See Brooks v. Lehman Bros. Bank*, No. 3:11 CV 1455, 2012 WL 488102, at * 2-5 (N.D. Ohio Feb. 14, 2012).

In Count VII, Plaintiffs assert a fraud claim against Allen (Schwarting), targeting her signing the purportedly false assignment at issue in the state foreclosure proceedings. Plaintiffs then assert in Count VIII a fraud claim against Garbis related to her supplying an allegedly fraudulent affidavit in the state case. Both individuals seek to dismiss this count on the grounds that the witness immunity doctrine bars the claim and that Plaintiffs have failed to plead the asserted fraud with the requisite particularity.

This Court begins with the latter contention. The particularity requirement arises from Federal Rule of Civil Procedure 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To satisfy this rule, a plaintiff must "at a minimum allege the time, place and content of the misrepresentation upon which [they]. . . relied; the fraudulent intent of [the alleged tortfeasor]; and the injury resulting from the fraud." *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d

12

674, 680 (6th Cir. 1988). *See also United States v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 642 (6th Cir. 2003) (explaining that Rule 9(b) requires a plaintiff to state with particularity the circumstances of fraud–"i.e., the time, place, and substance"); *American Town Ctr. v. Hall 83 Assocs.*, 912 F.2d 104, 109 (6th Cir. 1990). Thus, although the *circumstances* of the fraud must be stated with requisite particularity, a complaint need not include evidence. *Michaels Bldg. Co.*, 848 F.2d at 680 n.9. What is required is simply sufficient notice of the nature of the claim. *Id*. at 680; *American Town Ctr.*, 912 F.2d at 109-10.

When deciding whether there is fair notice or a lack of particularity, a court must consider the heightened standard of Rule 9(b) in light of the policy of simplified pleadings set forth in Rule 8. *Michaels Bldg. Co.,* 848 F.2d at 679; *American Town Ctr.*, 912 F.2d at 109. For this Court to consider only the particularity of Rule 9(b) would be too narrow and inappropriate considering the simplicity and flexibility in pleading contemplated by the Rules. *Michaels Bldg. Co.*, 848 F.2d at 679. Further, the Sixth Circuit Court of Appeals has held that Rule 9(b) may be relaxed when there has been a lack of discovery and the information needed for a party to achieve particularity is held exclusively by the opposing party. *Id.* at 680. Rule 9(b) therefore does not require the complaining party to be omniscient, and it is not intended to prevent courts from reaching the truth behind a case. *Id*. Rather, the main purpose behind Rule 9(b) is to provide notice of a party's claim to a defendant so that the defendant may be able to prepare an informed responsive pleading. *Id*. at 679; *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993).

Against this backdrop, Plaintiffs have indeed failed to sufficiently plead fraud. This is not a case in which the party seeking dismissal has asserted its particularity challenge so

13

narrowly that potentially prevailing grounds for dismissal are left untouched, as this Court has found to be the case in some other foreclosure-related cases. Rather, in this instance, Allen (Schwarting) specifically challenges whether Plaintiffs have pled sufficiently both reliance and damages, while Garbis asserts a broad challenge to the particularity pleading generally and the injury component of the claim specifically.

Recognizing the scope of the challenges made, the Court concludes that Plaintiffs have failed to plead fraud based on the rationale of *Corbett v. Beneficial Ohio, Inc.*, No. 3:11-cv-339, 2012 WL 871226, at *6-8 (S.D. Ohio Mar. 14, 2012), and *Hammond v. Citibank, N.A.*, No. 2:10-CV-1071, 2011 WL 4484416, at *8-9 (S.D. Ohio Sept. 27, 2011). Although Plaintiffs assert that they relied on the assignment and the affidavit, they do not offer factual allegations explaining or even suggesting how. Their contention of reliance thus lacks a factual foundation in the amended complaint, rendering the claims involved not plausible. Additionally, Plaintiffs have not pled their specific injury that resulted from either purported fraud upon the state court. Because dismissal of Counts VII and VIII are warranted on Rule 9(b) considerations, this Court need not and does not address the alternative witness immunity doctrine argument made by Allen (Schwarting) and Garbis.

The disposition of Counts VII and VIII direct the consequent disposition of Count IX. In this last count, Plaintiffs assert a claim against Chase and LPS for fraud, pleading that "Chase and LPS were responsible for the conduct of Defendants Allen and Garbis through the doctrine of *respondeat superior*." (ECF No. 25 ¶ 66.) Although paragraph 67 of the amended complaint goes on to "specifically incorporate paragraphs 73 through 77 here to describe the exact nature of the fraud"–paragraphs that simply do not exist in the amended complaint–the Court

14

recognizes that what Plaintiffs likely intended was to direct Defendants to the factual contentions of the Allen (Schwarting) and Garbis fraud claims. (ECF No. 25 ¶ 67.) This Court agrees with Chase and LPS that because these underlying claims fail as explained above, the contingent claim necessarily fails as well. Dismissal of Count IX is warranted.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion to dismiss (ECF No. 26) filed by Defendants LPS Mortgage Processing Solutions, Inc. and Christina Schwarting and **GRANTS** the motion to dismiss (ECF No. 31) filed by Defendants Deutsche Bank National Trust Company, JPMorgan Chase & Co., and Ann Garbis. The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE